IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | |
| MATTHEW ALLEN FLICKINGER | * | CHAPTER 13 |
| d/b/a Flickinger Group, LLC | * | |
| d/b/a Flickinger Holdings, LP | * | CASE NO. 1:09-bk-08739MDF |
| d/b/a MFDK, LLC | * | |
| f/d/b/a Flicking Custom Builders, Inc. | * | |
| RACHEL KAREN FLICKINGER, | * | |
|     Debtors | * | |

| | | |
|---|---|---|
| JAMES BRIAN and PAMELA BRIAN, | * | |
|     Plaintiffs | * | |
| | * | |
| v. | * | ADV. NO. 1:10-ap-00049 |
| | * | |
| MATTHEW ALLEN FLICKINGER | * | |
| d/b/a Flickinger Group, LLC, | * | |
|     Defendant | * | |

## OPINION

Matthew Flickinger ("Defendant" or "Flickinger"), a residential building contractor d/b/a/ Flickinger Group, LLC ("Flickinger Group"), filed a joint chapter 13 petition with his wife, Rachel Flickinger (collectively "Debtors"), on November 10, 2009. The complaint in this adversary case was filed on February 12, 2010 by James and Pamela Brian ("Plaintiffs"), who had contracted with Flickinger Group in February 2007 for construction of a $1.1 million home in an upscale development near Hummelstown, Pennsylvania. The 34-page complaint contains more than 125 allegations related to the construction of the residence. The allegations are identical to those included in a complaint filed by Plaintiffs in a state court action that was stayed by the filing of Debtors' bankruptcy petition. On January 11, 2010, an order was entered granting Plaintiffs' motion for relief from the automatic stay to allow them to proceed with their complaint in state court.

Plaintiffs' two-count adversary complaint seeks an order declaring that their claim against Defendant is excepted from discharge under § 1328(c)(2) and § 523(a)(2). Both counts rely on identical factual allegations, the only difference being that the first count names Flickinger Group as the defendant and the second names Flickinger as the defendant.

On March 16 and 17, 2010, Defendant moved to dismiss the first count of the complaint based upon the Court's lack of personal jurisdiction over Flickinger Group.[1] As to the second count, Defendant moved to dismiss the complaint under Fed R. Civ. P. 12(b)(6), alleging that Plaintiffs had failed to state a claim upon which relief can be granted. Specifically, Defendant states that Debtors are not seeking a hardship discharge under § 1328(b), so the reference to § 1328(c)(2) fails to support a claim for relief. Defendant further alleges that the complaint should be dismissed because Plaintiffs have failed to allege sufficient facts to show that their claim should be excepted from discharge under either §523(a)(2)(A) or (B). Defendant also moves for dismissal on the grounds that the order lifting the automatic stay limited Plaintiffs' recovery against Defendant to insurance proceeds. Finally, Defendant argues that the complaint should be stricken because it fails to comply with Fed. R. Civ. P. 8(a), which requires only a "short and plain statement of the claim." Plaintiffs answered the motions, but did not file a brief. Defendant filed a brief in support of one of the motions filed on his behalf. This matter is ready for decision.[2]

---

[1] Defendant is represented in this adversary case by two different law firms, each of which filed a Motion to Dismiss with slightly different allegations. Both Motions will be decided in this Opinion.

[2] This Court has jurisdiction pursuant to 28 U.S.C. §§157 and 1334. This matter is core pursuant to 28 U.S.C. §157(b)(2)(A), (I) and (O). This Opinion constitutes findings of fact and conclusions of law made pursuant to Federal Rule of Bankruptcy Procedure 7052.

## Discussion

In deciding a motion to dismiss, a court must treat the facts alleged in the complaint as true, construe the complaint in the light most favorable to the non-moving party, draw all reasonable inferences that can be drawn therefrom in favor of the non-moving party, and ask whether, under any reasonable reading of the complaint, the non-moving party may be entitled to relief as a matter of law. *Kehr Packages, Inc.v. Fidelcor, Inc.,* 926 F.2d 1406, 1410 (3d. Cir.), *cert. denied*, 111 S.Ct. 2839 (1991).

> A. *Motion to Dismiss Count One for failing to state a claim upon which relief can be granted*

In Count One, Defendant seeks dismissal of the complaint as to Flickinger Group averring that while the limited partnership is one of four entities (Flicking Custom Builders, Inc., Flickinger Group, Flickinger Holdings, LP, and MFDK, LLC) listed on Debtors' bankruptcy petition in the space provided for "All Other Names used by the Debtor in the last 8 years," it is not a debtor. Defendant asserts that these businesses are separate legal entities whose liabilities will not be discharged in Debtors' individual chapter 13 case; therefore, this Court lacks jurisdiction to determine whether a debt owed by Flickinger Group may be discharged. In their response to Defendant's motion, Plaintiffs do not argue that Flickinger Group's corporate liabilities will be discharged in the chapter 13 case. They explain that Flickinger Group was included as a defendant because the corporation was listed as a "d/b/a" on the petition and was the entity with whom they contracted for the construction of the residence.

A corporate entity cannot be a debtor in a chapter 13 case. 11 U.S.C. § 109(e). Accordingly, Flickinger Group is not a debtor in the instant case and is not eligible to receive a

3

discharge. Therefore, Count One will be dismissed as failing to state a claim upon which relief can be granted.

    B.    *Motion to Dismiss Count Two*

        1.    *Does the January 11, 2010 relief from stay order limit Plaintiffs' recovery to insurance proceeds?*

By asserting that the relief from stay order bars Plaintiffs from litigating the dischargeability of their claim, Flickinger is invoking the principle of judicial estoppel. Judicial estoppel is an equitable doctrine applied by the court to "prevent[] a party from asserting inconsistent claims in different legal proceedings." *In re Mintze*, 434 F.3d 222, 232 (3d. Cir. 2006).

> It may be laid down as a general proposition that, where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him.

*Fleck v. KDI Sylvan Pools, Inc.* 981 F.2d 107, 121 (3d Cir. 1992)(citing *Davis v. Wakelee,* 156 U.S. 680, 689 (1895)). Judicial estoppel is applied when the court determines that a litigant is attempting to mislead the court. *Montrose Medical Group Participating Savings Plan v. Bulger*, 243 F.3d 773, 781 (3d Cir. 2001). "[J]udicial estoppel is concerned with the relationship between litigants and the legal system, and not with the way that adversaries treat each other. . . . Accordingly, judicial estoppel may not be employed unless a litigant's culpable conduct has assaulted the dignity or authority of the court." *Id.* (citations omitted).

Flickinger argues that the estoppel arises from the following language in the unopposed order granting Plaintiffs' motion for relief from the automatic stay: "All collection efforts shall

4

be limited to any available insurance proceeds unless otherwise ordered by this Court."[3] Therefore, Flickinger argues, the specific provisions of the lift stay order limited Plaintiffs' recovery to insurance proceeds, barring any post-discharge recovery from Debtors' personal assets. Plaintiffs respond that the phrase "unless otherwise ordered by this Court" qualifies the limiting language of the order and enables this Court to find that the debt owed to Plaintiffs is non-dischargeable.

In *Fleck, supra*, Nichols Swim Pools, Inc. ("NSPI") sold a pool liner installed in a residential pool where Fleck was injured. Fleck filed a negligence action in district court against the home owner and a strict liability action against NSPI and several other entities. After Fleck filed suit, NSPI filed a third-party complaint for indemnification against Hoffinger Industries, Inc. ("Hoffinger"), the manufacturer of the pool liner. Thereafter, NSPI filed a chapter 11 petition, staying the suit brought by Fleck. Fleck then filed a motion for relief from the stay in which he represented that any recovery "will be limited solely to the proceeds of the applicable insurance of the Debtor . . . ." *Fleck,* 981 F.2d at 121-22. The bankruptcy court granted the motion.[4] Prior to the jury trial in the negligence action, the district court directed a verdict in favor of NSPI and against Hoffinger on the indemnification action. Fleck obtained a $10 million judgment against the defendants. On appeal, Hoffinger asserted that the district court should

---

[3]The relief from stay Order is not a part of the record of the instant adversary case, but it is docketed in the bankruptcy case. A bankruptcy court may take judicial notice of the docket of the main case in an adversary proceeding. *In re DiVittorio*, 430 B.R. 26 (Bankr. D. Mass. 2010) (citing *Rodi v. Southern New England School of Law*, 389 F.3d 5 (1st Cir. 2004)).

[4]The Third Circuit's Opinion does not indicate whether NSPI had consented to the motion, opposed it, or, like the instant Debtors, failed to respond.
5

have granted its motion to reduce the jury award to the amount of NSPI's insurance coverage because Fleck represented in the motion for relief from stay that he would limit his recovery to the extent of NSPI's coverage. The Court of Appeals agreed with Hoffinger, applying judicial estoppel principles, holding that "[a] party who petitions a bankruptcy court to lift a stay by agreeing to limit the recovery against the protected debtor cannot later collect in its entirety on a judgment that exceeds the agreed upon limit." *Id.*

If the order lifting the stay in the within case had provided solely that all collection efforts would be limited to any available insurance proceeds, judicial estoppel principles would support dismissal of the complaint. However, the addition of the caveat "unless otherwise ordered by this Court" renders *Fleck* inapposite. It requires no contortion of the English language to find that this Court may find that Plaintiffs' claim, including amounts in excess of insurance coverage, is excepted from Debtors' discharge.

    2.    *Should the Court strike the complaint for failure to comply with Fed. R. Civ. P. 8(a)?*

Defendant moves to strike the complaint arguing that its length, the number of paragraphs contained therein, and the degree of detail provided in the allegations violates Fed. R. Civ. P. 8(a), which requires only a "short and plain statement of the claim." In other words, Defendant argues that the complaint should be stricken because it contains too much information and the details provided are not relevant to a § 523(a) action. Defendant cites no authority for the proposition that a pleading should be stricken because it contains too many factual averments without a showing that the details are intended to harass or oppress the defendants. The complaint alleges numerous instances of substandard construction and poor workmanship. While

6

relevant in a breach of contract action, these allegations have limited relevance in an action to except a debt from discharge because of fraud. However, dismissal under Rule 8 is "generally reserved for a pleading that is 'so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Black v. UNUM Provident Corp.*, 245 F. Supp. 2d 194, 197 (D. Me. 2003) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)). Although the complaint is lengthy, and some of the allegations are irrelevant to the cause of action, it is sufficient to withstand a motion to strike.

> 3. *Does the complaint fail to state a claim upon which relief can be granted because it refers to an inapplicable discharge provision of the Bankruptcy Code?*

As a separate basis for dismissal, Defendant also argues that Plaintiffs' complaint was filed under § 1328(c) and that it should be dismissed because Debtors are seeking a discharge under § 1328(a). This argument is based on the language of the complaint at paragraph 10 stating, "[t]his is an action to determine the dischargeability of a debt under 11 U.S.C. § 1328(c)(2) and § 523(a)(2)." Section 1328(c)(2) is inapplicable as Debtors are not seeking a hardship discharge under § 1328(b). However, the inclusion of this reference, while incorrect, does not require dismissal of the complaint, which is also premised upon the exception to discharge set forth in § 523(a)(2) as specifically referenced in the complaint.

> 4. *Does the complaint fail to allege facts sufficient to sustain an exception to discharge under either §523(a)(2)(A) or (B)?*

Section 523(a)(2) provides that a debtor will not receive a discharge of a debt:

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by –

    (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial

7

> condition;
> (B) use of a statement in writing –
> > (i) that is materially false;
> > (ii) respecting the debtor's or an insider's financial condition;
> > (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
> > (iv) that the debtor caused to be made or published with intent to deceive . . . .

11 U.S.C. § 523(a)(2). Paragraph (A) encompasses general claims for fraud, while paragraph (B) addresses fraud in a writing concerning the financial condition of the debtor or an insider. Plaintiffs have not alleged that Flickinger committed fraud through the use of a false writing concerning his financial condition or the financial conditions of any of his businesses. Therefore, the Court will presume that Plaintiffs are proceeding under § 523(a)(2)(A) only.

In order to succeed in a § 523(a)(2)(A) claim, a creditor must prove the following five common law elements of fraud: (1) the debtor made a false representation; (2) the debtor knew the representation was false when it was made; (3) the debtor intended to deceive the creditor or to induce him to act upon the representation; (4) the creditor justifiably relied upon the representation; and (5) the creditor sustained a loss as a proximate result of the representation. *Rembert v. AT&T Universal Card Services, Inc. (In re Rembert),* 141 F.3d 277, 280-81 (6th Cir. 1998); *In re Glunk,* 343 B.R. 754, 759 (Bankr. E.D. Pa. 2006); *In re Santos*, 304 B.R. 639, 651 (Bankr. D. N.J. 2004); *In re Giarratano*, 299 B.R. 328, 334 (Bankr. D. Del. 2003); *In re Negley,* 2008 WL 5158573 (Bankr. M.D. Pa).

Plaintiffs contracted for the design and construction of their home with Flickinger Group, not Flickinger. The complaint includes averments as to the warranties included in these agreements and avers that Flickinger Group breached the agreements. Plaintiffs also make

8

numerous allegations that "Flickinger Group, Flickinger, DK Architects, and Kreischer" failed to perform the construction in accordance with the contracts. The complaint cites numerous examples of the alleged failure of Flickinger Group to perform in a workmanlike manner and the failure of Flickinger and Flickinger Group to correct defects in construction and to complete the required performance. Plaintiffs also assert that under the terms of Plaintiffs' construction loan, Flickinger Group and Kreischer (the project's architect) were required to certify that certain work had been performed before draws against the loan would be released. Plaintiffs allege that these certifications were false. The complaint also contains various allegations that Flickinger Group misrepresented information in various change orders executed by the parties.

Many of the allegations in the complaint are directed toward parties other than Flickinger. In some instances, Flickinger is listed as the party committing the allegedly fraudulent act, but it is unclear whether Plaintiffs are alleging that he was acting in capacity as limited partner of Flickinger Group or on his own behalf. Although paragraph 86 incorporates all of the preceding paragraphs of the complaint in Count Two, Plaintiffs have failed to state how these averments establish fraud by Flickinger. In paragraphs 87 though 101, Plaintiffs make specific allegations concerning representations made by Flickinger that Plaintiffs allege were false. They allege that Flickinger made these representations intending that Plaintiffs would rely on the statements. However, these representations only relate to two change orders with a total value of less than $5000. Other than these two instances, Plaintiffs have failed to allege facts that establish a nexus between Flickinger and the alleged fraudulent conduct. Therefore, to the extent that the

9

complaint seeks an order excepting Plaintiffs' claim from discharge pursuant to § 523(a)(2)(A) for amounts in excess of $5000, Debtors' Motion to Dismiss will be granted.

Claims, however, should be decided on the basis of the substantive rights involved rather than on technicalities. A plaintiff should be given every opportunity to cure a defect in the pleading if it appears that the deficiency can be cured through amendment. " See *Highland Tank and Mfg. Co. v. PS International, Inc.*, 393 F. Supp. 2d 348, 352 (W.D. Pa. 2005)(citing Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357 (3rd ed.2004)(footnotes omitted)). Plaintiffs will be granted thirty days to file an amended complaint based upon § 523(a)(2)(A), specifically addressing the actions committed by Flickinger that are alleged to be fraudulent.

An appropriate order will be entered.

By the Court,

_Mary D. France_
Chief Bankruptcy Judge

Date: August 30, 2010